# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**April Clark, Sui Juris**,
Appellant,
v.
**ASHLAND UNIVERSITY, et.al**
Appellees.

## NOTICE OF APPEAL AND MOTION TO TRANSFER FEDERAL QUESTION CLAIMS INVOLVING SYSTEMIC DUE PROCESS VIOLATIONS, RACKETEERING, AND PUBLIC CORRUPTION TO THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS

Originating from: US Court of Appeals Sixth Circuit, Ohio
Trial Court Case No.: 25-3112
US District Court of Ohio Northern Case No.: 1:24cv1773
Date of Order Appealed: June 16, 2025

---

Comes now **April Clark**, a U.S. National and Appellant sui juris, giving **NOTICE OF APPEAL** to the **U.S. Court of Appeals for the District of Columbia Circuit**, invoking jurisdiction under:

- **28 U.S.C. § 1291 (Final Orders)**

- **28 U.S.C. § 1331 (Federal Question)**

- **28 U.S.C. § 1367 (Supplemental Jurisdiction)**

- **28 U.S.C. § 1651 (All Writs Act)**

- **28 U.S.C. § 1443 (Civil Rights Removal Jurisdiction)**

- **28 U.S.C. § 2106 (Transfer or Remand Authority)**

- **42 U.S.C. § 1983 and § 1985 (Civil Rights and Conspiracy)**

- **31 U.S.C. § 3729–3733 (False Claims Act)**

- **18 U.S.C. §§ 1961–1964 (RICO)**

## I. BASIS FOR TRANSFER AND FEDERAL REVIEW

This appeal arises from a series of **void, hearsay-based, unlawful, and fraudulent judicial orders** issued by the U.S. District Court for the Northern District of Ohio, presided over by Judge David Ruiz and Magistrate Judge Jonathan Greenberg, with additional misconduct by Clerk of Court Sandy Opacich, including alleged **U.S. Postal Service tampering, mutilation, and destruction of court filings**. These actions have resulted in ongoing violations of Appellant's **due process rights, civil liberties, and statutory protections** under federal law, committed with malice and in apparent disregard for constitutional standards.

The misconduct implicates an ongoing pattern of **fraud, retaliation, and abuse of power under color of law**, which exceeds the jurisdictional and ethical capacity of Ohio's courts to adjudicate impartially. Appellant has been targeted due to **protected whistleblower activity** exposing widespread abuse of federal funds, including but not limited to:

- Medicare fraudulent billing practices,

- False claims under the U.S. Department of Housing and Urban Development's Pro Housing Grant program,

- Fraud involving the HRSA Nurse Faculty Loan Program,

- Misappropriation within U.S. Department of Education Title IV student aid programs (FAFSA grants and loans), and

- The **criminal conversion** of Appellant's personal security and equitable property valued at **$15,028**, linked to **Title VII Civil Rights and Disability Discrimination litigation** (U.S. District Court, S.D. Ohio Case No. 2:22-cv-02519) and **EEOC Charge No. 532-2022-02705**.

These allegations represent **systemic and coordinated misconduct** by both state and federal actors in Ohio, manifesting in **ongoing, irreparable harm** to Appellant. The pattern of conduct constitutes a broader scheme of **public corruption, judicial collusion, and racketeering** through misuse of the judiciary as an instrument for retaliation and suppression of lawful federal claims. Such conduct includes but is not limited to violations under the **Racketeer Influenced and Corrupt Organizations Act (RICO)**, as well as federal statutes concerning **mail and wire fraud, false statements, sedition, conspiracy, misprision of felony, tax and bank fraud, and deprivation of rights under color of law**.

Accordingly, the Appellant respectfully seeks immediate appellate intervention and/or transfer to a neutral forum to safeguard fundamental constitutional rights and ensure accountability for acts of **official misconduct and systemic abuse**. Because the **U.S. Court of Appeals for the Sixth Circuit** has been **formally implicated in related federal complaints** for collusion, retaliation, and dereliction in handling whistleblower cases (including concealment of a $15,028 EEOC settlement theft and related False Claims Act claims), Appellant respectfully requests transfer to the **District of Columbia Circuit** in the interest of:

1. Judicial neutrality and public integrity;

2. Protection of a federal whistleblower/relator;

3. Prevention of further obstruction of justice by implicated Ohio federal/state officials.

## II. STATEMENT OF ISSUES PRESENTED

1. Whether the trial and appellate courts in Ohio violated federal due process and equal protection by issuing orders unsupported by verified evidence, medical evaluations, or sworn testimony.

2. Whether systemic retaliation and judicial abuse constitute grounds for federal intervention under *Bivens*, *Monell*, *RICO*, and *False Claims Act* theories.

3. Whether Ohio courts unlawfully attempted to override federally protected rights to refuse unwanted guardianship or healthcare interventions without clinical or judicial basis.

4. Whether state actors colluded to misappropriate federal funds and suppress whistleblower rights under *31 U.S.C. § 3730(h)*.

## III. GROUNDS FOR FEDERAL APPELLATE JURISDICTION

Appellant seeks immediate review and/or transfer because:

1. **Void orders** were issued in violation of *Daubert*, *Cruzan*, and *Washington v. Harper* standards;

2. **Federal whistleblower protections** are implicated under FCA, HIPAA, and 42 U.S.C. § 1983;

3. **Racketeering and embezzlement of federal funds** are ongoing under 18 U.S.C. §§ 1341 (Mail Fraud), 1343 (Wire Fraud), and 1962 (RICO);

4. **Judicial misconduct and public corruption** extend to actors named in related federal filings, including Judge Chris Brown, Maureen Duffy, Jeffrey Mackey, and others acting jointly with bar attorneys from Littler Mendelson PC and Spitz Law.

## IV. RELIEF REQUESTED

Appellant respectfully demands that the **U.S. Court of Appeals for the D.C. Circuit**:

1. Accept jurisdiction or direct transfer of federal claims from the US Court of Appeals Sixth Circuit, Ohio;

2. Declare all underlying state orders **null, void, and unenforceable** as a matter of law;

3. Grant declaratory relief affirming Appellant's **competency, civil, and property rights**;

4. Order sanctions, referrals, or corrective measures for ongoing abuse of judicial process and retaliation;

5. Permit or encourage **amicus curiae participation** from federal whistleblower support entities and civil liberties groups.

## V. CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice of Appeal was served via **U.S. Mail and electronic mail** to all named appellees and their counsel on **June 20, 2025**.

The undersigned certifies that a copy of the foregoing motion was served upon the following on **JUNE 20, 2025** via email where applicable, Counsel of Record where applicable via email and/or US Postal service where tampering, destruction, interference and mutilation with evidence is historical, ongoing and likely to continue related to proper and lawful COGNIZABLE civil filings with MERIT via US Postal and E filing portals equating to historical, ongoing and likely to continue larger complexities of events related to instant and every associated systemic corruption case Plaintiff and/or family member are or ever have been party.

**NOTICE FOR THE SAKE OF JUSTICE PUBLIC SAFETY AND NATIONAL SECURITY RISK:**

**CERTIFIED COPY to be sent and tracked JUNE 20, 2025 TO US DISTRICT COURT OF OHIO SOUTHERN Clerk of Court, SANDY OPACICH,et.al due to historical US POSTAL SERVICE REGULAR, CERTIFIED, AND OVERNIGHT WITH SIGNATURE, reported US Postal Service Inspector mail fraud, TAMPERING WITH EVIDENCE AND CONSPIRACY TO CONCEAL MISPRISION OF A FELONY and other HIGH CRIME: OBSTRUCTION OF JUSTICE related to RICO Racketeering each are seemingly complicit:**

Ashland University, Defendant
401 College Ave, Ashland, OH 44805

Dr. Theda Hostler
401 College Ave, Ashland, OH 44805

Dr. Jill Matthes Baxter
401 College Ave, Ashland, OH 44805

Nicole Stockland
401 College Ave, Ashland, OH 44805

Jennifer McElwain
401 College Ave, Ashland, OH 44805

Alexander Jordan
401 College Ave, Ashland, OH 44805

Dr. Carrie Keib
401 College Ave, Ashland, OH 44805

Larry Bunce
401 College Ave, Ashland, OH 44805

Rachael Hoffer
401 College Ave, Ashland, OH 44805

Dr. Julie Jubak
401 College Ave, Ashland, OH 44805

Sidney Clarke
401 College Ave, Ashland, OH 44805

Juanita Reese
401 College Ave, Ashland, OH 44805

Andrea "Michelle" Ash
401 College Ave, Ashland, OH 44805

Janet Edwards
401 College Ave, Ashland, OH 44805

Katherine Weemhoff
401 College Ave, Ashland, OH 44805

**Defendants.**

CC: Joshua Montgomery, Student/Witness

Respectfully submitted,
/s/ April Clark, Sui Juris
PO Box 13015
Whitehall, Ohio [43213]
Email: a1flexlegalnurseconsulting@gmail.com
Authorized Agent for APRIL CLARK, Sole Proprietorship
**UCC 1-308 – Without Prejudice**

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUN 30 2025

RECEIVED

Exhibit 1

FILED
Jun 16, 2025
KELLY L. STEPHENS, Clerk

No. 25-3112

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

APRIL CLARK, Sui Juris, )
)
    Plaintiff-Appellant, )
)
v. ) O R D E R
)
ASHLAND UNIVERSITY, et al., )
)
    Defendants-Appellees. )

Before: MATHIS, Circuit Judge.

    Pro se Ohio plaintiff April Clark appeals the district court's judgment dismissing her complaint without prejudice for failure to prosecute. Clark moves the court to proceed in forma pauperis (IFP).

    Clark filed a complaint in the district court and moved to proceed IFP. The district court concluded that Clark's financial affidavit was insufficient to determine whether she was indigent. The court therefore ordered Clark to pay the filing fee or file a completed IFP application on the court-approved form within 30 days. Clark did neither, so the court dismissed her complaint without prejudice for failure to prosecute.

    Clark does not have a good-faith argument that her bare-bones financial affidavit was sufficient for the district court to approve her IFP motion. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997), *superseded by statute on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Nor does Clark have a good-faith argument that the district court erred in dismissing her complaint for failure to prosecute because she missed the deadline to comply with its deficiency order. *See McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

For these reasons, the court **DENIES** Clark's IFP motion. Unless Clark pays the $605 filing fee to the district court within 30 days of the date of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk

PO Box 13875
Whitehall, Ohio [43213]



9589 0710 5270 2078 7162 17

Retail — U.S. POSTAGE PAID
FCM LG ENV
COLUMBUS, OH 43213
JUN 20, 2025
20001  $11.26
RDC 99  S2322W500373-25

RETURN RECEIPT REQUESTED

US Court of Appeal
District of Columbia
Clerk Office
Rm 333 Constitution Ave NW
Washington, DC 20001



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE